UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Sanda Elliott, in her individual capacity,** | : | |
| **Sandra Elliott as administrator of the** | : | |
| **Estate of Asher Tamara Glace** | : | |
| | : | |
| **Plaintiff s** | : | |
| | : | CIVIL ACTION  NO.: |
| vs. | : | |
| | : | |
| **City of Hartford Police Department** | : | June 15, 2009 |
| **State of Connecticut Office of the** | : | |
| **State Attorney (Hartford)** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

## COMPLAINT

1. This lawsuit is brought pursuant to 42 U.S.C. § 1983 State Action, and Connecticut common law to redress constitutional violations and tort related damages.  Additionally, the Plaintiffs also bring this action in violation of Connecticut general Statute §54-82t.  The court has supplemental jurisdiction over the state claims pursuant to 42 U.S.C. § 1367.  The Plaintiffs demands damages exceeding $100,000.01 from the defendants.  The plaintiffs also claims other equitable and legal relief for injuries sustained as a result of the defendants' unlawful conduct.

## THE PARTIES

2. Plaintiff Sandra Elliott is the mother of plaintiff Asher Tamara Glace, now deceased.  At all relevant times, Ms. Elliott resided at 470 Cornwall Street, Hartford, Connecticut 06112.

1

3. Plaintiffs Asher Tamara Glace, now deceased resided at 470 Cornwall Street, Hartford, Connecticut 06112 with her mother prior to her murder on June 16, 2007.

4. Defendant City of Hartford is a municipal subdivision of the state of Connecticut, and operates and funds the Hartford Police Department. This defendant resides at 550 Main Street, Hartford, Connecticut 06103.

5. Defendant State of Connecticut Office of the State Attorney is an agency of the State of Connecticut, and responsible for the primary prosecution of criminal matter in Hartford County. The relevant office of this agency is located at 101 Lafayette Street, Hartford, Connecticut 06106.

### STATEMENT OF THE FACTS

6. On or around February 14, 2005, Asher Glace witnessed a murder at an establishment termed Cleveland Café, which is located on Main Street in Hartford's North end.

7. On that occasion, Ms. Glace provided the Hartford Police Department with a statement about the incident, including the names of the victim and that of the person who allegedly committed the murder-Anthony Thompson.

8. At some point on March 15, 2005, Anthony Thompson fled the United States and allegedly went into hiding in Jamaica where he was subsequently taken into custody; extradited back to Connecticut; tried and was convicted.

9. Prior to Mr. Thompson's trial and conviction, the Hartford Police Department by and through its agents assigned Ms. Glace as the "chief witness in the upcoming trial of Anthony Thompson on its web cite for the entire world to access.

10. At all times relevant to this complaint the City of Hartford Police Department worked and operated in concert with the State of Connecticut' s Office of the State Attorney on the case.

11. At all times relative to this complaint the State of Connecticut' s Office of the State Attorney had full knowledge, or should have had full knowledge that the acts of the Hartford Police Department would place Ms. Glace in grave danger.

12. At all times relevant to the investigation into the murder Mr. Thompson committed, the State of Connecticut' s Office of the State Attorney delegated its duties including its investigatory duties to the Hartford Police Department.

13. On information and belief, the Hartford Police Department failed to properly train its personnel thereby causing them to create the danger which Ms. Glace eventually fell victim, by knowingly assigning her the "chief witness in the upcoming trial of Anthony Thompson."

14. Notices of claims were filed on September 14, 2007 against the City of Hartford, and against the State of Connecticut on June 16, 2008 respectively.

## COUNT ONE

**Violation of 42 U.S.C. § 1983 State Action, City of Hartford Police Department.**

15. The plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 14.

3

16. By the actions described more specifically in paragraphs, 1,7,8,9,10,11,12, and 13.12, Defendant City of Hartford Police personnel in their official capacities and under color of law intentionally or recklessly assigned Ms. Glace "the chief witnesses in the investigation of Mr. Thompson relative to a murder he was later tried and convicted for."

17. As a direct result of the actions of Defendant City of Hartford Police Department personnel Ms. Glace's importance to the prosecution of Mr. Thompson was thereby heightened and left her vulnerable to retaliation.

18. On information and belief, Defendant City of Hartford Police Department personnel knew or should have known that their actions would have placed Ms. Glace and like witnesses in grave danger.

19. As a result of Defendant City of Hartford Police Department personnel conduct leading o the murder of Ms. Glace, plaintiff Sandra Elliott and her family members have been deprived of the love, affection, financial support, and society of Ms. Glace.

## COUNT TWO

**Violation of 42 U.S.C. § 1983 State Action, State of Connecticut Office of the State Attorney.**

20. The plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 19.

21. By the actions described more specifically in paragraphs, 1,7,8,9,10,11,12, and 13.12, Defendant State of Connecticut Office of the State Attorney acting as principal to the City of Hartford Police failed to protect Ms. Glace after the City of

4

Hartford's Police personnel assigned Ms. Glace "the chief witness in the upcoming murder trial of Mr. Anthony Thompson."

22. On information and belief, The City of Hartford's Police personnel acted in their official capacities and under color of law intentionally or recklessly when they assigned Ms. Glace "the chief witnesses in the investigation of Mr. Thompson relative to a murder he was later tried and convicted for."

23. As a direct result of the actions of Defendant City of Hartford Police Department personnel acting as agents for the State of Connecticut Office of the State's Attorney Ms. Glace's importance to the prosecution of Mr. Thompson was thereby heightened and left her vulnerable to retaliation.

24. On information and belief, the State of Connecticut Office of the State Attorney through its agent Defendant City of Hartford Police Department personnel knew or should have known that their actions would have placed Ms. Glace and like witnesses in grave danger.

25. As a result of Defendant City of Hartford Police Department personnel's conduct leading o the murder of Ms. Glace, plaintiff Sandra Elliott and her family members have been deprived of the love, affection, financial support, and society of Ms. Glace.

## COUNT THREE

Negligence, State of Connecticut Office of the State Attorney

26. The plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 25.

27. By the actions described more specifically in paragraphs, 1,7,8,9,10,11,12, and 13.12, Defendant State of Connecticut Office of the State Attorney acting as principal to the City of Hartford Police failed to protect Ms. Glace when it had a duty to do so, after the City of Hartford's Police personnel assigned Ms. Glace "the chief witness in the upcoming murder trial of Mr. Anthony Thompson.

28. On information and belief, The City of Hartford's Police personnel acted in their official capacities and under color of law by negligently assigning Ms. Glace "the chief witnesses in the investigation of Mr. Thompson relative to a murder he was later tried and convicted for."

29. As a direct result of the actions of Defendant City of Hartford Police Department personnel acting as agents for the State of Connecticut Office of the State's Attorney Ms. Glace's importance to the prosecution of Mr. Thompson was thereby heightened and left her vulnerable to retaliation.

30. On information and belief, the State of Connecticut Office of the State Attorney through its agent Defendant City of Hartford Police Department personnel knew or should have known that their actions would have placed Ms. Glace and like witnesses in grave danger.

31. As a result of Defendant City of Hartford Police Department personnel's conduct leading o the murder of Ms. Glace, plaintiff Sandra Elliott and her family members have been deprived of the love, affection, financial support, and society of Ms. Glace.

## COUNT FOUR

**Negligence, City of Hartford Police Department.**

32. The plaintiff repeats, re-alleges and incorporates by reference paragraphs 1

through 31.

33. By the actions described more specifically in paragraphs, 1,7,8,9,10,11,12, and 13.12, Defendant City of Hartford Police Department failed to protect Ms. Glace when it had a duty to do so, after the City of Hartford's Police personnel assigned Ms. Glace "the chief witness in the upcoming murder trial of Mr. Anthony Thompson."

34. On information and belief, The City of Hartford's Police personnel acted in their official capacities and under color of law by negligently assigning Ms. Glace "the chief witnesses in the investigation of Mr. Thompson relative to a murder he was later tried and convicted for."

35. As a direct result of the actions of Defendant City of Hartford Police Department personnel acting as agents for the State of Connecticut Office of the State's Attorney Ms. Glace's importance to the prosecution of Mr. Thompson was thereby heightened and left her vulnerable to retaliation.

36. On information and belief, the State of Connecticut Office of the State Attorney through its agent Defendant City of Hartford Police Department personnel knew or should have known that their actions would have placed Ms. Glace and like witnesses in grave danger.

37. As a result of Defendant City of Hartford Police Department personnel's conduct leading o the murder of Ms. Glace, plaintiff Sandra Elliott and her family members have been deprived of the love, affection, financial support, and society of Ms. Glace.

## COUNT FIVE

Violation of C Connecticut General Statute § 54-82t, City of Hartford Police Department and the State of Connecticut Office of the State Attorney.

38. The plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 37.

39. By the actions described more specifically in paragraphs, 1,7,8,9,10,11,12, and 13.12, Defendant State of Connecticut Office of the State Attorney acting as principal to the City of Hartford Police failed to protect Ms. Glace when they had a duty to do so, after the City of Hartford's Police personnel assigned Ms. Glace "the chief witness in the upcoming murder trial of Mr. Anthony Thompson."

40. On information and belief, The City of Hartford's Police personnel, and the State of Connecticut Office of the State Attorney's personnel acted in their official capacities and under color of law negligently or intentionally assigned Ms. Glace "the chief witnesses in the investigation of Mr. Thompson relative to a murder he was later tried and convicted for."

41. As a direct result of the actions of the Defendants' personnel Ms. Glace's importance to the prosecution of Mr. Thompson was thereby heightened and left her vulnerable to retaliation.

42. On information and belief, the State of Connecticut Office of the State Attorney through its agent Defendant City of Hartford Police Department personnel knew or should have known that their actions would have placed Ms. Glace and like witnesses in grave danger.

8

43. As a result of Defendant City of Hartford Police Department personnel's conduct leading o the murder of Ms. Glace, plaintiff Sandra Elliott and her family members have been deprived of the love, affection, financial support, and society of Ms. Glace.

## **DEMAND FOR RELIEF**

Wherefore, the plaintiff requests that this Court:

1. Issue an order against all the appropriate defendants awarding plaintiff and the estate of Ms. Glace damages for her loss of life, and career opportunities, mental and emotional distress, pain and suffering, loss of love, affection and society, and loss of her financial support.

2. Issue an order against all the appropriate defendants awarding plaintiffs punitive damages where appropriate;

3. Issue an order against all the appropriate defendants awarding plaintiffs costs for prosecuting this action, including reasonable attorney's fees.

4. Issue an order against all the appropriate defendants awarding plaintiff pre- and post judgment interest.

5. Issue an order awarding to plaintiff such other relief, legal or equitable, as may be just and proper.

9

**JURY DEMAND**

Plaintiff demands a trial by jury as to all issues to which she is entitled by law.

        PLAINTIFFS.,
        SANDRA ELLIOTT, and
        THE ESTATE OF ASHER TAMARA GLACE

        By:_____
        Richard C. Gordon, Esq., us Dist Ct # 27288
        Law Office of Richard C. Gordon, Esq, (N.J.)
        697 Blue Hills Avenue
        Hartford, CT 06112
        (860) 534-0547
        (860) 769-0553

Please enter my appearance as attorney for the Plaintiff.

        _____
        Richard C. Gordon, Esq., (N.J.)