UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
450 MAIN STREET
HARTFORD, CONNECTICUT 06103

FILED
2009 NOV 12  P 3: 08
U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| Sandra Elliott, individually and as the Administratrix of the Estate of Asher Tamara Glace<br><br>**Plaintiffs**<br><br>vs.<br><br>City of Hartford Police Department<br>State of Connecticut Office of the State Attorney (Hartford)<br><br>**Defendants** | CIVIL ACTION NO.: 309-cv-00948<br><br>November 1, 2009<br><br>**FIRST AMENDED COMPLAINT** |

## COMPLAINT

1. This lawsuit is brought pursuant to 42 U.S.C. § 1983 State Action, and Connecticut common law to redress constitutional violations and tort related damages. Additionally, the Plaintiffs also bring this action in violation of Connecticut General Statute §54-82t. The court has Pendent Jurisdiction over the state claims pursuant to 42 U.S.C. § 1367. The Plaintiffs demands damages exceeding $100,000.01 from the Defendants. The Plaintiffs also claims other equitable, legal, and injunctive relief for injuries sustained as a result of the Defendants' unlawful conduct.

## AMENDED PLEADING

Plaintiffs move to amend their complaint pursuant to F.R.C.P. 15(a) on the basis the Defendants have not yet filed responsive pleadings to the complaint despite Plaintiffs' consent to the Defendants to enlarge the time to answer.

1

## VENUE

2. Venue is proper pursuant to 28 U.S.C. 1391(b).

## NOTICE OF CLAIM

3. In conjunction with certain causes of action, Plaintiffs filed a timely notice of claim and intent to sue letter with Defendant City of Hartford dated September 14, 2007. A notice of claim was also filed with the State of Connecticut Office of the Claims Commissioner against Defendant State of Connecticut Office of the State Attorney on June 16, 2008 in compliance with Connecticut General Statutes with respect to the injuries complained of herein.

## THE PARTIES

3. Plaintiff Sandra Elliott is the mother of Plaintiff Asher Tamara Glace, now deceased. At all relevant times, Ms. Elliott cohabitated with her daughter at 470 Cornwall Street, Hartford, Connecticut 06112.

4. Plaintiffs Asher Tamara Glace, now deceased resided at 470 Cornwall Street, Hartford, Connecticut 06112 with her mother prior to her murder on June 16, 2007. Ms. Glace was the "chief witness to a murder" as defined by Defendants, which occurred on or around February 14, 2005 at the Cleveland Café, Main Street, Hartford. On or around June 16, 2007, Ms. Glace died in a hail of gunfire in the driveway of the home she shared with her mother.

5. Defendant City of Hartford is a municipal subdivision of the state of Connecticut, and operates and funds the Hartford Police Department. This Defendant resides at 550 Main Street, Hartford, Connecticut 06103. Pursuant to § 54-82t, this Defendant

2

is required by law to act in concert with Defendant State of Connecticut Office of the State Attorney to coordinate efforts to provide protective services to witnesses to serious felonies.

6. Defendant State of Connecticut Office of the State Attorney is an agency of the State of Connecticut, and is responsible for the primary prosecution of criminal matter throughout the state of Connecticut, as well as Hartford County. The relevant office of this agency is located at 101 Lafayette Street, Hartford, Connecticut 06106. Pursuant to § 54-82s. The Leroy Brown, Jr. and Karen Clarke Witness Protection Program, this Defendant is required by law to provide protective services to "witnesses at risk of harm" pursuant to § 54-82t.

## STATEMENT OF THE FACTS

7. On or around February 14, 2005, Asher Glace witnessed a murder at an establishment termed Cleveland Café, which is located on Main Street in Hartford's North end.

8. On that occasion, Ms. Glace provided the Hartford Police Department with a statement about the incident, including the names of the victim and that of the person who allegedly committed the murder-Anthony Thompson.

9. At some point around March 15, 2005, Anthony Thompson fled the United States and allegedly went into hiding in Jamaica, where he was subsequently taken into custody; he was extradited back to Connecticut, and his trial resulted in a conviction with respect to the "Cleveland Café's killing.

10. Prior to Mr. Thompson's trial and conviction, the Hartford Police Department by and through its agents assigned Ms. Glace as the "chief witness in the upcoming trial of Anthony Thompson" on its' web cite for the entire world to see and access.

3

11. At all times relevant to this complaint, the City of Hartford Police Department worked in concert with, and conducted its' investigation with the State of Connecticut's Office of the State Attorney on the case.

12. At all times relative to this complaint, the State of Connecticut's Office of the State Attorney had full knowledge, or should have had full knowledge about the injuries Ms. Glace and her next of kin would suffer as a result of the acts or omissions of the Hartford Police Department, based on that agency's characterizing Ms. Glace as "the chief witness in the prosecution of Anthony Thompson."

13. At all times relevant to the investigation into the murder Mr. Thompson committed, the State of Connecticut' s Office of the State Attorney delegated its duties including its investigatory duties to the Hartford Police Department.

14. On information and belief, the Hartford Police Department failed to properly train its personnel thereby causing them to create the danger which Ms. Glace eventually fell victim, by knowingly assigning her the "chief witness in the upcoming trial of Anthony Thompson."

## COUNT ONE

**Violation of 42 U.S.C. § 1983 State Action as Against Defendant City of Hartford Police Department.**

15. The plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 14.

16. By the actions described more specifically in paragraphs, 1, 7, 8, 9, 10 ,11 ,12, 13 and 14, Defendant City of Hartford Police personnel in their official capacities and acting under color of law intentionally or recklessly assigned Ms. Glace "the chief

4

witnesses in the investigation of Mr. Thompson" relative to a murder leading to his subsequent trial and conviction.

17. As a direct result of the actions or omissions of Defendant City of Hartford Police Department personnel Ms. Glace's was vaulted to a heightened level of importance above all others in connection with Mr. Thompson's prosecution thereby intentionally or recklessly placing Ms. Glace vulnerable to intimidation, harassment, threats, retaliation, and physical violence.

18. On information and belief, Defendant City of Hartford Police Department personnel, acting in their individual capacities, and as agents for the Office of the State Attorney knew, or should have known that their actions or omissions would have placed Ms. Glace and like witnesses to suffer terroristic threats, bodily injury, and possible death at the hands of Mr. Thompson or his confederates..

19. As a direct consequence of the actions or omissions of the Defendant City of Hartford Police Department personnel's, the plaintiff Sandra Elliott and her family members have been deprived of the love, affection, financial support, and society of Ms. Glace.

## COUNT TWO

**Violation of 42 U.S.C. § 1983 State Action as Against the State of Connecticut Office of the State Attorney.**

20. The plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 19.

21. By the actions described more specifically in paragraphs, 1, 7, 8, 9, 10 11, 12, 13, 14, 16, and 17, Defendant State of Connecticut Office of the State Attorney acting as principal to the City of Hartford Police failed to protect Ms. Glace after the City of Hartford's Police personnel intentionally placed Ms Glace in grave danger leading to her violent murder by assigning her "the chief witness in the upcoming murder trial involving Mr. Anthony Thompson."

22. On information and belief, The City of Hartford's Police personnel acting in their official capacities and under color of law intentionally or recklessly caused Ms. Glace's violent death by assigning her "the chief witnesses during the investigation of Mr. Thompson relative to a murder he committed."

23. As a direct result of the actions of Defendant City of Hartford Police Department personnel acting as agents for the State of Connecticut Office of the State's Attorney, Ms. Glace's importance to the prosecution of Mr. Thompson was thereby heightened and left her vulnerable to intimidation, harassment, threats, retaliation, and physical violence.

24. On information and belief, the State of Connecticut Office of the State Attorney through its agent Defendant City of Hartford Police Department personnel knew or should have known that their actions or omissions would have placed Ms. Glace and like witnesses to suffer terroristic threats, bodily injury and possible death at the hands of Mr. Thompson or his confederates..

25. As a result of Defendant City of Hartford Police Department personnel's conduct leading to the murder of Ms. Glace, plaintiff Sandra Elliott, and her family members have been deprived of the love, affection, financial support, and society of Ms. Glace.

## COUNT THREE

**Negligence, as to the State of Connecticut Office of the State Attorney, and the Hartford Police Department.**

26. The plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 25.

27. By the actions described more specifically in paragraphs, 1, 7, 8, 9, 10, 11, 12, 13, 16, 17, 21, 22, 23, and 24, Defendant State of Connecticut Office of the State Attorney acting as principal to the City of Hartford Police failed to protect Ms. Glace when it had a duty to do so, after the City of Hartford's Police personnel assigned Ms. Glace "the chief witness in the upcoming murder trial of Mr. Anthony Thompson."

28. On information and belief, The City of Hartford's Police personnel acting on behalf of the State of Connecticut Office of the State Attorney were the proximate cause of Ms. Glace's murder as a result of their individual and joint negligence and carelessness because of the following:
    - They failed to remove Ms. Glace's name, and her importance to the prosecution of Mr. Thompson from the City of Hartford's Police Department web site.
    - They failed to protect Ms. Glace after the City of Hartford's Police Department personnel "assigned her the 'chief witness' against Mr. Thompson in his then pending murder trial."
    - They failed to monitor Mr. Thompson and his confederates as against Ms. Glace.
    - They failed to protect, and they failed to offer any protection to Ms. Glace after they knew, or should have known that Ms. Glace's life was or would have been in danger.

29. On information and belief, the City of Hartford's Police Department personnel acted in their individual as well as their official capacities and under color of law by negligently and recklessly assigning Ms. Glace "the chief witness in the investigation and trial of Mr. Thompson," despite the fact Mr. Thompson had been in custody since 2005.

30. As a direct result of the actions of Defendant City of Hartford Police Department personnel acting as agents for the State of Connecticut Office of the State's Attorney Ms. Glace's importance to the prosecution of Mr. Thompson was thereby heightened and left her vulnerable to retaliation in the form of terroristic threats, bodily injury and possible death up to two years prior to her murder in June 2007.

31. On information and belief, the State of Connecticut Office of the State Attorney through its agent Defendant City of Hartford Police Department and its' personnel knew or should have known that their actions or omissions would have placed Ms. Glace and like witnesses to suffer terroristic threats, bodily injury and possible death from Mr. Thompson or his confederates.

32. As a result of Defendant City of Hartford Police Department personnel's conduct leading to the murder of Ms. Glace, plaintiff Sandra Elliott, and her family members have been deprived of the love, affection, financial support, and society of Ms. Glace.

## COUNT FIVE

**Violation of C Connecticut General Statute § 54-82t, City of Hartford Police Department and the State of Connecticut Office of the State Attorney.**

33. The plaintiff repeats, re-alleges and incorporates by reference paragraphs 1

through 37.

34. By the actions described more specifically in paragraphs, 1, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 21, 22, 23, 24, 28, 29, 30, and 31, Defendant State of Connecticut Office of the State Attorney acting as principal to the City of Hartford Police failed to protect Ms. Glace when they had a duty to do so, after the City of Hartford's Police personnel assigned Ms. Glace "the chief witness in the upcoming murder trial of Mr. Anthony Thompson."

35. On information and belief, The City of Hartford's Police personnel, and the State of Connecticut Office of the State Attorney's personnel acted in their individual as well as their official capacities and under color of law by negligently or intentionally assigned Ms. Glace "the chief witnesses in the investigation of Mr. Thompson relative to a murder he was later tried and convicted for," but the Defendants never provided protection from the dangers they intentionally, or negligently placed upon Ms. Glace. Although Ms. Glace was characterized as a witness by the Defendants, they negligently failed to identify her as "'witness at risk of harm' involving the prosecution of a serious felony reasonably likely to be intimidated, harassed, threatened, retaliated against or subject to physical violence."

36. As a direct result of the actions of the Defendants' personnel Ms. Glace's importance to the prosecution of Mr. Thompson was thereby heightened and left her vulnerable to suffer retaliation in the form of terroristic threats, bodily injury and possible death from Mr. Thompson or his confederates. Although state law required the "prosecuting officials to review the witnesses to the offense to identify whether they were at risk of harm," the Defendants failed to perform this task in violation of their own rules, policies, procedures and regulations.

37. On information and belief, the State of Connecticut Office of the State Attorney through its agents and Defendant City of Hartford Police Department personnel knew or should have known that their actions and omissions would have placed Ms.

9

Glace and like witnesses in grave danger. As a result of the Defendants gross negligence by their failure to "certify" Ms. Glace as a "witness at risk of harm," The "State Attorney's Office failed to coordinate the efforts of state and local agencies to provide protective services to Ms. Glace." On information and belief, the Defendants failed to provide "armed protection, escort, marked or unmarked surveillance, temporary relocation, housing expenses, or any other assistance" to Ms. Glace despite the fact the Defendants intentionally placed Ms. Glace's life in danger of physical harm by assigning her "the chief witness in Mr. Thompson's murder trial."

38. As a result of Defendant City of Hartford Police Department personnel's conduct leading to the violent murder of Ms. Glace, plaintiff Sandra Elliott and her family members have been deprived of the love, affection, financial support, and society of Ms. Glace.

## COUNT SIX

**Violation of Connecticut General Statute § 52-555, Wrongful Death as against Defendants City of Hartford Police Department and The State of Connecticut Office of the State Attorney.**

39. By the actions described more specifically in paragraphs, 1, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 21, 22, 23, 24, 28, 29, 30, 31, 35, 36, and 37, Defendant State of Connecticut Office of the State Attorney acting as principal to the City of Hartford Police failed to protect Ms. Glace when they had a duty to do so, after the City of Hartford's Police personnel intentionally or negligently assigned Ms. Glace "the chief witness in the upcoming murder trial of Mr. Anthony Thompson."

40. As a direct result of the actions of the Defendants' personnel, Ms. Glace's importance to the prosecution of Mr. Thompson was thereby heightened and she

10

was left vulnerable to suffer retaliation in the form of terroristic threats, bodily injury and possible death from Mr. Thompson or his confederates.

41. On information and belief, the State of Connecticut Office of the State Attorney through its agent Defendant City of Hartford Police Department personnel knew or should have known that their actions or omissions would have placed Ms. Glace and like witnesses in grave danger.

42. On information and belief the defendants were the legal/proximate cause of Ms. Glace's violent death.

43. As a result of Defendant City of Hartford Police Department personnel's conduct leading to the violent murder of Ms. Glace, plaintiff Sandra Elliott and her family members have been deprived of the love, affection, financial support, and society of Ms. Glace.

## COUNT SEVEN

**Violation of Ms. Glace's Substantive Due Process as to Defendant City of Hartford Police Department and The State of Connecticut Office of the State Attorney.**

44. By the actions described more specifically in paragraphs, 1, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 21, 22, 23, 24, 28, 29, 30, 31, 35, 36, 37, 40, 41 and 42 Defendant State of Connecticut Office of the State Attorney acting as principal to the City of Hartford Police failed to protect Ms. Glace when they had a duty to do so, after the City of Hartford's Police personnel intentionally or negligently assigned Ms. Glace "the chief witness in the upcoming murder trial of Mr. Anthony Thompson."

11

45. At all times relevant hereto, the Defendants' employed agents acting under color of law who were directly connected to Mr. Thompson's case, and its relation to Ms. Glace's pending testimony.

46. The acts and omissions of the Defendants, including, but not limited to their failure to take appropriate steps to protect Ms. Glace from the known threats Mr. Thompson and his confederates posed to her, to take appropriate steps to monitor Mr. Thompson and his confederates and to take appropriate steps to apprehend Mr. Thompson's confederates constituted deliberate indifference to Ms. Glace's constitutional rights secured by the Fourteenth Amendments of the United States Constitution in violation of 42 U.S.C. § 1983.

47. The intentional conduct of the Defendants contained herein, is an example of police conduct which "shocks the conscience" and constitutes substantive due process violations. Ms. Glace was afforded protections secured by the Fourteenth Amendment of the United States Constitution against the depravation of life, liberty and property. Here, the Defendants made a conscious and intentional decision to place Ms. Glace's name on its web site (she is the chief witness against Mr. Thompson in his upcoming murder trial) for the entire world to see and access, including Mr. Thompson and his confederates. Ms. Glace was always in danger of intimidation, harassment and even serious bodily injury after her name was intentionally published by Defendant City of Hartford Police Department on its' web site. Never once during the time Ms. Glace's name was exhibited on Defendant City of Hartford's Police Department web site did either Defendant call, write, or visited her to inform her that they had used her name in the manner they had so she could take reasonable steps to protect herself from possible violence or intimidation. In short, by their intentional conduct, the Defendants made Ms. Glace uninformed sitting duck.

48. Due to the Defendants' due process violations, Ms. Glace was violently murdered.

12

49. On information and belief, the State of Connecticut Office of the State Attorney through its agent Defendant City of Hartford Police Department personnel knew or should have known that their actions or omissions would have placed Ms. Glace and like witnesses in grave danger.

50. As a result of Defendant City of Hartford Police Department personnel's conduct leading to the murder of Ms. Glace, plaintiff Sandra Elliott and her family members have been deprived of the love, affection, financial support, and society of Ms. Glace.

## COUNT SEVEN

**Supervisory Liability as to Defendant City of Hartford Police Department and The State of Connecticut Office of the State Attorney.**

51. By the actions described more specifically in paragraphs, 1, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 21, 22, 23, 24, 28, 29, 30, 31, 35, 36, 37, 40, 41, 42, 45, 46, 47, 48, and 49 Defendant State of Connecticut Office of the State Attorney acting as principal to the its agent City of Hartford Police was responsible for training and supervising police officers in the performance of their duties.

52. Defendant City of Hartford Police Leadership was responsible for training and supervising their officers in the performance of their duties, especially as they pertain in the context of witness testimony with respect to violent conduct or crime and the likelihood these witnesses would suffer retaliation in the form of terroristic threats, bodily injury and possible death, as in the present case.

53. As a result of Defendants' conduct leading to the violent murder of Ms. Glace, plaintiff Sandra Elliott and her family members have been deprived of the love, affection, financial support, and society of Ms. Glace.

13

## INJUNCTIVE RELIEF

The Plaintiffs seeks an order of this court requiring the Defendants to adopt policies ensuring that similarly situated persons are not put in danger as in the present case. That the State of Connecticut affords adequate protection to individuals compelled to testify at criminal trials according to law; and that other similarly situated persons having no adequate remedy at law are placed in the care and custody of similarly situated Defendants, where others such as Ms. Glace have suffered and will continue to suffer irreparable injury because of the unlawful actions of the Defendants.

## DEMAND FOR RELIEF

Wherefore, the Plaintiff requests that this Court:

1. Issue an order against all the appropriate Defendants awarding the estate of Ms. Glace damages for her loss of life, and career opportunities, mental and emotional distress, pain and suffering, loss of love, affection and society.

2. Issue an order against all the Defendants awarding the Administratrix for mental and emotional distress, loss of love, affection and society, and loss of her financial support.

2. Issue an order against all the appropriate Defendants awarding Plaintiffs punitive damages where appropriate;

3. Issue an order against all the appropriate Defendants awarding Plaintiffs costs for prosecuting this action, including reasonable attorney's fees.

4. Issue an order against all the appropriate Defendants awarding Plaintiff pre- and post judgment interest.

5.   Issue an order awarding to Plaintiff such other relief, legal or equitable, as may be just and proper.

### JURY DEMAND

Plaintiffs demand a trial by jury as to all issues to which they are so entitled by law.

PLAINTIFFS.,
SANDRA ELLIOTT Individually and as
ADMINISTRATRIX OF THE ESTATE OF
ASHER TAMARA GLACE

By: _____

Richard C. Gordon, Esq., us Dist Ct # 27288
Law Office of Richard C. Gordon, Esq, (N.J.)
697 Blue Hills Avenue
Hartford, CT 06112
(860) 534-0547
(860) 769-0553

Please enter my appearance as attorney for the Plaintiff.

_____
Richard C. Gordon, Esq., (N.J.)

15

## CETRTIFICATION OF MAILING

I certify that copies of this document served by first class mail to the defendants at the following addresses and on the following dates:

City of Hartford
Office of the Corporation Counsel
550 Main Street
Hartford, CT 06103

On November 12, 2009

       -and-

State of Connecticut Office of the Attorney General
Litigation Section
55 Elm Street
Hartford, CT 06103

On November 12, 2009

By: _____
Richard C. Gordon, Esq., us Dist Ct # 27288
Law Office of Richard C. Gordon, Esq., (N.J.)
697 Blue Hills Avenue
Hartford, CT 06112
(860) 206-1716
(860) 534-0547 Cell
(860) 769-0553 Fax