# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____
Sandra Elliott, individually and as the        :
Administratrix of the Estate of Asher          :
Tamara Glace                                   :
                                               :
            **Plaintiffs**                     :
                                               : CIVIL NO.:  309-cv-00948 (AWT)
        **vs.**                                :
                                               :
CITY OF HARTFORD, DARYL ROBERTS,               :
Individually and in his official capacity      :
as Chief of Police of the City of Hartford     :        **MOTION TO TAKE LEAVE**
Police Department; CHRISTOPHER MORANO:               **TO FILE AMENDED**
Individually and in his official capacity as   :            **COMPLAINT**
Chief State's Attorney of the State of         :
Connecticut; and KEVIN KANE, individually      :
and in his official capacity as Chief State's  :
Attorney of the State of Connecticut,          :
                                               :
            **Defendants.**                    :
_____:


## PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND TO ADD PARTIES


**COMES NOW** the Plaintiffs Sandra Elliot, individually and as the

Administratrix of the estate of Asher Tamara Glace by and through their undersigned

counsel moves, and respectfully request this honorable court to grant leave pursuant to

Plaintiffs move to amend their complaint pursuant to F.R.C.P. 15(a), (b), (c), (c) (2), and

(c) (3).  FRCP 19(a)(1), (A), (B)(i), (B)(ii); FRCP 21; and FRCP 25(3)(d)

thereby permitting Plaintiffs to file a Third Amended Complaint.  A copy of the proposed

Third Amended Complaint accompanies this motion.  The motion is timely and the

proposed amendment clarifies and narrows the allegations, poses no surprise or prejudice

to any party.  Accordingly, this motion should be granted in light of the liberality required by the rules and Supreme Court precedent.

Leave to amend pleadings "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  It is thus well established that amendments must be allowed absent some good reason justifying denial of leave to amend.  E.g. <u>Forman v. Davis</u>, 371 U.S. 178 (1962); <u>Firestone v. Firestone</u>, 76 F.3d 1205 (D.C. Cir. 1996).  No such good reason exists here.

The Changes proposed in the Third Amended Complaint merely clarify and narrow the issues to be litigated in this action.  In particular, "amendments that merely clarify or subtract allegations previously made [or were not discoverable] are not likely to cause surprise and are routinely permitted.  See, e.g. <u>Associated Musicians v. Parker Meriden Hotel</u>, 145 F.3d 85 (2d Cir. 1998).

In the instant case, the Plaintiffs through their own investigation have learned facts critical to their case, and which will serve to clarify and subtract from the allegations made in their previous complaints.  Given the fact that there is a joint stay in this matter by all the parties, because of the pending prosecution of the Thompson brothers, justice demands that their motion be granted.

The parties and claims added "in the proposed amended pleading arose out of the conduct and transaction, or occurrence set forth or attempted to be set forth in the original pleading."  FRCP 15(c)(2), FRCP 20(a), FRCP 21, and FRCP 25(d)(1).

In the instant matter, the proposed parties as well as the proposed claims arise from the same conduct, transaction and occurrences as set forth in the original complaint.  The Plaintiffs propose to be added as parties are Hartford Police Detectives Jerry Bilbo and Michael Sheldon; Assistant State Attorneys David Zagaja and Richard Rubino; and former City of Hartford Chief of Police, Patrick Harnett.  With respect to the prosecution of the Cleveland café murder from February 14, 2005, Detectives Bilbo and Sheldon were responsible for placing Plaintiff's Asher Glace's name in the information they swore out for Anthony Thompson's arrest.  They were also responsible for allowing Ms. Glace's name, date of birth and address to be published in the personal statement they took from her on the night of the Cleveland Café murder.  Both sets of conducts violated Connecticut General Statute 54-82t concerning concealing the identity of witnesses at risk of harm arising from serious felonies.

Prosecutors Zagaja and Rubino were the prosecuting officials who were responsible for the investigative phase of the prosecution.  Neither prosecutor conducted a review of the circumstances attendant to the Cleveland Café murder to see if Ms. Glace or other witnesses were at risk of harm as Connecticut General Statute 54-82t required.  In the end, Ms. Glace provided a witness statement which was reviewed by either one, or both prosecutors, but neither provided her witness protection as Connecticut law required,

despite the fact at least one of the prosecutors was directly contacted and told that Ms.
Glace was targeted for murder by Anthony Thompson.  As a direct consequence, Ms.
Glace was left abandoned by the state to face known and unknown assassins who sought
her for death.  On this basis, the Plaintiffs propose substituting Former Chief State
Attorney Kevin Kane for prosecutors David Zagaja and Richard Rubino.

Former City of Hartford Police Chief, Patrick Harnett was the chief of police at
the time of the Cleveland Café murder.  He was responsible for the prevention of crime,
apprehension of criminal and protection of the rights of persons and property, and for the
enforcement of the general statutes, as well as all rules and regulations.   At all relevant
times, Chief Harnett was in direct command of the City of Hartford's Police Force, and
was responsible for the operation of the department consistent with the policy directives
of the mayor.  He also had the duty to make rules and regulation in conformity with the
ordinances concerning operation of the department and conduct of the officers.  Chief
Harnett should have known that Connecticut law provided that municipalities have the
powers to provide for police protection, with respect to criminal matters within the limits
of the municipality . . . , and to do all things necessary or desirable for the policing of the
municipality.  Despite Chief Hartnett's acknowledged responsibilities to protect the rights
of citizens of the City of Hartford, but he admitted that he did not know about
Connecticut witness protection law; he did not know he was mandated to protect
witnesses to crimes; and he did not receive any briefing, nor did he seek any on witness
protection while he was Chief of Police of the City of Hartford, despite meeting with the
Chief State's Attorney.

1.     Plaintiffs filed their original Complaint on June 16, 2009.  Thereafter,

Defendants filed motions for enlargement of time to answer *nun pro tunc*

arising from requests made upon Plaintiffs.  The Plaintiffs granted consent and

the defendants subsequently answered.

2.     On November 12, 2009, Plaintiffs filed their first amended complaint after the

action was dismissed without prejudice by the court.

3.     Sometime in 2010, the Plaintiffs as well as the Defendants filed a joint motion

to stay discovery on the basis that the prosecution of Anthony Thompson and

Earl Thompson were stayed pending Anthony Thompson's appeal from his

conviction from the Cleveland Café murder conviction.

4.     In 2010, the Defendants filed motions to dismiss Plaintiffs' claims after the

Plaintiffs' filed a seconded amended complaint on June 16, 2010, and the

court granted dismissal in part, and denied dismissal in part on march 17,

2011.

Counsel for the Plaintiffs has conferred with counsel for the defendants by e-mail.
Mr. O'Neil, Assistant Attorney General states that he wishes to peruse the Third

Amended Complaint prior to giving his consent, while Mr. Beamon, Assistant

Corporation Counsel for the City of Hartford has neither consented nor declined consent.


Respectfully submitted:


_____
/s/Richard C. Gordon
Counsel for the Plaintiffs
697 Blue Hills Avenue
 Hartford, CT 06112
 (860) 534-0547
 (860) 656-6889 fax
 Fed. Bar No.:  27288

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____

| | |
|---|---|
| **Sandra Elliott, individually and as the** | : |
| **Administratrix of the Estate of Asher** | : |
| **Tamara Glace** | : |
| | : |
| **Plaintiffs** | : |
| | : CIVIL NO.:  309-cv-00948 (AWT) |
| **vs.** | : |
| | : |
| **CITY OF HARTFORD, DARYL ROBERTS,** | : |
| **Individually and in his official capacity** | : |
| **as Chief of Police of the City of Hartford** | : **MOTION TO TAKE LEAVE** |
| **Police Department; CHRISTOPHER MORANO:** | **TO FILE AMENDED** |
| **Individually and in his official capacity as** | : **COMPLAINT** |
| **Chief State's Attorney of the State of** | : |
| **Connecticut; and KEVIN KANE, individually** | : |
| **and in his official capacity as Chief State's** | : **ORDER** |
| **Attorney of the State of Connecticut,** | : |
| | : |
| **Defendants.** | : |

_____:

## ORDER FOR MOTION TO TAKE LEAVE TO FILE AMENDED COMPLAINT

**IT IS HEREBY ORDERED** that Plaintiffs' motion to take leave to file a third

amended complaint is hereby granted_____, dismissed_____on this

_____ day of _____ 2012.

_____                               _____

Dated                                             Hon. Alvin Thompson, U.S.D.J.

## CERTIFICATION OF SERVICE

I certify that a true copy of Plaintiffs Motion for Leave to File a Third Amended Complaint, the proposed Order granting the motion and the Proposed Third Amended Complaint has been mailed to counsel for Defendants.

Respectfully submitted:

_____
/s/ Richard C. Gordon
Counsel for the Plaintiffs
697 Blue Hills Avenue
Hartford, CT 06112
(860) 534-0547
(860) 656-6889 fax
Fed. Bar No.:  27288