## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FILED

2012 FEB 17 P 12: 24

U.S. DISTRICT COURT

| | | |
|---|---|---|
| **Sandra Elliott, individually and as the** | : | |
| **Administratrix of the Estate of Asher** | : | |
| **Tamara Glace** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | **CIVIL ACTION NO.:** |
| **vs.** | : | **309-cv-00948 (AWT)** |
| | : | |
| **City of Hartford Police Department, et al** | : | **February 14, 2012** |
| | : | |
| | : | |
| | : | **MOTION FOR ENLARGEMENT** |
| **Defendants** | : | **OR TIME TO** |
| | : | **COMPLETE DISCOVERY** |
| | : | |
| | : | |

## MOTION FOR ENLARGEMENT OF TIME TO COMPLETE DISCOVERY

1. Pursuant to Local Rule 7 (b), and FRCP 6 (b), Plaintiffs Sandra Elliott, individually
   and as the Administratrix of the Estate of Asher Tamara Glace, by and through their
   attorney, Richard C. Gordon, Esq., respectfully request an extension of time of four
   months (120 days) to June 30, 2012 to complete discovery with respect to
   Defendants' motions for summary judgment

2. On March 31, 2011, the parties met for a status conference and all parties agreed
   pursuant to a Joint Scheduling Order dated April 11, 2011 that Defendants would file
   their motions for summary judgment by May 16, 2011 along with supporting papers
   to Plaintiffs' counsel.

1

3. Pursuant to the scheduling order, Plaintiff could take any discovery addressed to the issues raised on summary judgment until the time for responses to the motions for summary judgments are due to be served.

4. Plaintiffs were also required by the Joint Scheduling Order to file responses by October 16, 2011, but counsel for the moving parties was to hold all supporting and opposing papers on the motion for summary judgment until October 30, 2011.

5. Because of the prosecution of Ms. Asher Glace's murder is still pending all related discovery and related proceedings with respect to that case are stayed until further order of the court.

6. Around May 2011, Plaintiffs' counsel became very ill necessitating his undergoing a surgical procedure.

7. This procedure had caused Plaintiff counsel to temporarily suspend aspects of his practice for two months.

8. Because of the circumstances herein represented by Plaintiffs' counsel he was not able to fulfill the full scope of his discovery on behalf of the Plaintiffs in order to contest the Defendants' pending motions for summary judgment.

9. Thereafter Plaintiffs' counsel with the joint consent of both Defendants' counsels requested an enlargement of time on September 15, 2011 to complete discovery by December 30, 2011.

10. The motion was subsequently granted by the court.

11. Around late September and early October 2011, Plaintiffs' counsel learned through investigations that there were an abundance of relevant discoverable testimonial

2

evidence that were material to the Plaintiffs' prosecution of their claims that are
already in the public domain.

12. Plaintiffs' counsel also learned that these discoverable documents implicated various
numerous state and city actors including, but not limited to Former City of Hartford
Detectives, Jerry Bilbo, Michael Sheldon, Former City of Hartford Chief of Police,
Patrick Harnett, State Attorneys, David Gazaja, Richard Bubino, and retired state
prosecutor John Fahey.

13. On October 31, 2011, Plaintiffs motioned the court to take leave to depose two
incarcerated inmates, Everton Gardner and Steve Nelson, both of whom warned the
Hartford Police as well as the State Attorney's Office in 2005 that Ms. Glace was
targeted for death by Anthony Thompson and his confederates.

14. The motions were granted by the court, but the Defendants have subsequently
opposed these depositions, despite the fact **neither Defendant has complied with
Federal Rules of Civil Procedure 26(a) with respect to required disclosures.
[Emphasis added]**

15. In December 2011, depositions which were scheduled by the Plaintiffs with respect to
other deponents were not completed on the basis the Defendants needed additional
time to locate the deponents, as well as time to complete their trial commitments. **At
no point did either Defendant forward or suggest new dates to complete
depositions in order to facilitate Plaintiffs meeting the December 30, 2011, or
February 28, 2012 response deadlines.**

16. Around the latter part of November, Terrence O'Neill, Assistant Attorney General
and counsel for Defendants Kane and Morano was on trial and was therefore
unavailable to participate in the discovery proceedings.

3

17. Because Mr. O'Neill was on trial he requested time to prepare and participate in his trial, unencumbered by requests from Plaintiffs with respect to the present matter, and that consideration was extended by the Plaintiffs.

18. On November 16, 2011, Plaintiffs made a request to Mr. James Hawkins for an emergent status conference to discuss some of the problems discussed above.

19. Plaintiffs' request was acted upon by Mr. Hawkins and he suggested that Plaintiffs file a motion for enlargement of time to complete discovery after securing consent from Mr. Beamon and Mr. O'Neill, and their consents were subsequently garnered.

20. The Defendants' consents were also impliedly contingent upon the fact that Plaintiffs would publish the complete list of deponents, along with the dates and time for each deposition.

21. Plaintiff has previously requested an extension of time on September 19, 2010 because Plaintiffs' counsel's wife was "gravely ill". Since then, Plaintiffs' counsel has requested another extension on and September 15, 2011, because counsel was ill.

22. Thereafter, subpoenas were served interstate and intrastate upon various witnesses for Defendants, with the only exception being a former City of Hartford Police detective.

23. Thereafter, on December 16, 2011, the plaintiffs again motioned the court for additional time to complete depositions and responses to summary judgments by February 28, 2012. Around this time, the Plaintiffs also published to the Defendants a complete schedule of depositions to be completed in January 2012 in order to meet the February 28, 2012 date referenced above.

24. As part of the effort to complete summary judgment, the Plaintiffs deposed former Chief of Police for The City of Hartford, Patrick Harnett on January 4, 2012 in New York.

25. At the deposition of Patrick Harnett, the Defendants were presented with all notices for deposition and production of documents necessary to complete discovery in order to meet the February 28, 2012 filing date for summary judgment.

26. Subsequently, the parties have met with the Court's Para Judicial Officer, Mr. James Hawkins on at least three occasions in an attempt to have him guide the parties through the discovery process just before and after the deposition of Chief Harnett, which occurred on January 4, 2012 in New York.

27. On February 2, 2012, the parties were summoned before Judge Alvin Thompson for a hearing on Defendants' motions in opposition to Plaintiffs' motion to amend their complaint to include new parties, and to thwart their efforts to depose certain city and state officials having knowledge about the circumstances surrounding Ms. Glace's murder.

28. After the deposition of Patrick Harnett, the Defendants made a motion to quash the subpoenas on the claimed basis they infringed upon the state's prosecutorial privilege.

29. The Defendants efforts to quash the subpoenas are clearly designed to shield from view documents, and testimonial evidence which is already in the public domain, as Plaintiffs learned form their investigations from September/October 2011.

30. At the February 2, 2012 hearing, the judge ordered that three depositions should be completed including that of a named party, Former Chief of Hartford Police Daryl Roberts prior to completion of Plaintiffs' responses to Defendants' motion for summary judgment due on February 28, 2012.

5

31. Plaintiffs have sent proposed dates to complete the depositions ordered by Judge Thompson, and **the Defendants have disclosed that they will be occupied, or will otherwise be on vacation past the February 28, 2012 filing date. [Emphasis added]**

32. The Plaintiffs have been and are willing to complete all depositions with the exception of February 29, 2012, but although the Defendants have disclosed their unavailability, they have not provided any alternative dates for depositions.

33. Through no fault of the Plaintiffs the depositions ordered by the court will not be completed in time for Plaintiffs to meet the deadline of February 28, 2012 in order to respond to Defendants' motions for summary judgment.

34. Plaintiff has previously requested an extension of time on September 19, 2010 because Plaintiffs' counsel's wife was "gravely ill". Since then, Plaintiffs' counsel has requested another extension on September 15, 2011, because counsel was ill.

35. This request is the fourth request for an enlargement of time to complete discovery, and for the time to comply via other discovery items to be also enlarged in accordance with the June 30, 2012 date.

36. Plaintiffs' counsel has sought and received consent from both opposing counsels for Defendants, Mr. O'Neill and Mr. Beamon with respect to this motion, as well as all three of the other motions for enlargement of time to complete discovery.

37. The undersigned counsel believes the Defendants will not be prejudiced by this request for an extension of time primarily because most of the discovery in this matter is already in the public domain, and any matters related to the prosecution of Earl and Anthony Thompson for the murder of Asher Glace are already stayed.

6

WHEREFORE, for good cause shown, the Plaintiffs respectfully move this court to grant their motion for an extension of time.

Dated: 2/14/2012

Richard C. Gordon, Esq.,
Counsel for Plaintiffs, Fed Juris #27288
697 Blue Hills Avenue
Hartford, CT 06112
(860) 534-0547
(860) 656-6889 FAX
Email: Therichard_06002@yahoo.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Sandra Elliott, individually and as the** | : | |
| **Administratrix of the Estate of Asher** | : | |
| **Tamara Glace** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | **CIVIL ACTION  NO.:** |
| **vs.** | : | **309-cv-00948 (AWT)** |
| | : | |
| **City of Hartford Police Department, et al** | : | **February 14, 2012** |
| | : | |
| | : | |
| | : | **MOTION FOR ENLARGEMENT** |
| **Defendants** | : | **OR TIME TO** |
| | : | **COMPLETE DISCOVERY** |
| | : | |
| | : | |

## ORDER FOR MOTION FOR ENLARGEMENT OF TIME TO COMPLETE DISCOVERY

**IT IS HEREBY ORDERED** that Plaintiffs' motion for an extension of time to

complete discovery and file a response to defendants' motions for summary judgment is

hereby granted_____, denied _____ to June 30, 2012, and for the time

to comply with other discovery items  to be also enlarged in accordance with the June 30,

2012 date.

_____                                    _____
Dated                                                      Hon. Alvin Thompson, U.S.D.J.

8

## CERTIFICATION

This is to certify that on February 15, 2012 a copy of the foregoing motion was filed

with the clerk of court and copies were mailed to the Defendants.

Dated:  2/14/2012

Richard C. Gordon, Esq.,
Counsel for Plaintiffs, Fed Juris #27288
697 Blue Hills Avenue
Hartford, CT 06112
(860) 534-0547
(860) 656-6889 FAX
Email: Therichard_06002@yahoo.com

9