UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SANDRA ELLIOTT, ADMINISTRATOR | : | CIVIL NO. 3:09cv948 (AWT) |
| | : | |
| v. | : | |
| | : | |
| CITY OF HARTFORD POLICE | : | |
| DEPARTMENT, ET AL. | : | FEBRUARY 21, 2012 |

### STATE'S OBJECTION TO THE PLAINTIFF'S
### MOTION TO AMEND THE COMPLAINT

The State Defendants, Chief State's Attorneys Christopher Morano and Kevin Kane, hereby object to the Plaintiff's Motion for Leave to Amend the Complaint, filed January 30, 2012.

**I.    FACTS**

On June 16, 2009 the Plaintiff commenced the pending action, which stems from the untimely death of Ms. Asher Glace. In its original complaint the plaintiff named the City of Hartford and the Chief State's Attorney's Office. The plaintiff alleged that the defendants act or omissions fueled the death of Ms. Glace, which occurred on June 16, 2007.

Subsequently, the plaintiff filed an amended complaint on June 16, 2010. This revised complaint identified new defendants: Daryl Roberts, individually and in his official capacity as Chief of the Hartford Police Department, as well as Chief State's Attorneys Christopher Morano and Kevin Kane, in both their individual and official capacities. Although the City of Hartford remained a defendant, the Chief State's Attorney's Office was no longer a party to the action.

Subsequently, the Defendants filed a Motion to Dismiss. On March 17, 2011, the Court (Thompson, J.) granted and denied portions of the Motion to Dismiss. The only claims pending

are a substantive due process claim, a Monell claim and a supervisory liability claim.  It is worth noting that the only claim pending against the State Defendants is the supervisory liability claim.  A Motion for Summary Judgment and Memorandum of Law of support of said motion was provided to the Plaintiff in May of 2011 in response to the remaining claims.

Now well over four years after the underlying incident, the plaintiff is seeking the court's permission to amend the complaint yet again to add new allegations and defendants: former Hartford Police Chief Kevin Harnett, Detectives Jerry Bilbo and Michael Sheldon, and Hartford State's Attorneys David Zagaya and Richard Rubino to the complaint.  Although the underlying facts remain the same, the plaintiff now wants to add new claims and shift accountability yet again.  Thus, State Defendants are adamantly opposed to the plaintiff's motion for leave to amend the complaint.

## II.    STANDARD OF REVIEW

Congress has not enacted a statute of limitations to apply to actions brought pursuant to U.S.C. § 1983.  Thus, the Federal courts must look to the State of Connecticut Statute of Limitation for Guidance.  *Owens v. Okure*, 488 U.S. 235, 240-41 (1989).  Constitutional torts filed under § 1983 are governed in Connecticut by a three year statute of limitations pursuant to Conn. Gen. Stat. § 52-577.  *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994); *Williams v. Walsh,* 558 F.2d 667, 670 (1977).  As a result, any claim based on an act or omission that occurred three years prior to when the instant complaint was filed is barred.

Although state law governs the statute of limitations federal law determines when the claim accrues.  "A claim accrues when the plaintiff knows or has reason to know of the harm." *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001).  *See Pearl v. City Long Beach*, 296 F.3d 76,

80 (2d Cir.2002).    Moreover, "[a] plaintiff need not have compelling proof of the validity of his claim in order for his claim to accrue."  *Kronisch v. United States*, 150 F.3d 112, 123 (2d Cir. 1998) *quoting Guccione v. United States*, 670 F. Supp. 527, 536 (S.D.N.Y. 1987).

The equitable tolling of a statute of limitations is an "extraordinary" remedy appropriately employed "'as a matter of fairness'" in circumstances "where a plaintiff has been 'prevented in some extraordinary way from exercising [her] rights,'" **[\*\*23]** such that she "'could show that it would have been impossible for a reasonably prudent person to learn' about his or her cause of action."  *Pearl v. City of Long Beach*, 296 F.3d 76, 85 (2d Cir. 2002).

### III.    ARGUMENT

It is indisputable that this claim begins to accrue on June 16, 2007.  Furthermore, it is apparent that the plaintiff knew or had reason to know of the alleged harm in this case, when Ms. Glace died.  As a result, the statutory period for amending the complaint ended on June 16, 2010. All of the information presented by counsel in support of the Motion for Leave to Amend was public information readily available to the plaintiff.

On February 2, 2011 a hearing was held on the Motion for Leave to Amend.  At that time plaintiff's counsel, Attorney Gordon made several statements on the record in an effort to toll the three year statutory period.  However, all of information presented occurred well before June 16, 2010.  Below is an outline of the representations presented:

1. Mr. Gordon repeatedly referred to trial testimony of Everton Gardner (Tr. pp. 8, 9 and 11.)

2. When asked for clarity by the court Mr. Gordon stated, "This testimony, Your Honor, was given in 2008 at a probable cause hearing…" (Tr. p.9, lines 20-21).

3. Mr. Gordon used information obtained from the Earl Thompson probable cause hearing for the murder of Asher Glace (Tr. p.17, lines 19-25; p.18, lines 1-2).

4. However, he clearly stated, "The probable cause hearing took place in 2008…" (Tr. p.17, lines 10-11).

5. He mentions the testimony of Stephen Nelson at the trial of Anthony Thompson for the murder at the Cleveland Café and the probable cause hearing in 2008 (Tr. p.11, lines 6-16).

6. When asked when the actual trial for Anthony Thompson occurred, counsel testified, "The trial was in April 2008 and carried to June 2008, Your Honor." (Tr. p.17, lines 6-7).

7. Attorney Gordon mentions telephone calls made by the Hartford Police Department to his client Ms. Sandra Elliott, Asher Glace's mother prior to her murder inquiring if Ms. Glace was okay. Obviously, these calls involved his own client and transpired prior to June 16, 2007 (Tr. p.10, lines 1-12).

8. Attorney Gordon takes issue with the contents of the Anthony Thompson arrest warrant, which was sworn out on or about February 25, 2005 (Tr. p.14, lines 7-9).

9. Opposing counsel testified about acts or omissions by the state defendants.  (Tr. p.16, lines 14-24) (Tr. p.18, lines 22-25) all of which precede June 16, 2007.

It is well established that the alleged misconduct occurred on or before June 16, 2007, which is when Ms. Glace died.  Thus, the plaintiff had until June 16, 2010 to amend its complaint.  Based on the foregoing it is clear that plaintiff is not relying on evidence that would have been impossible to obtain prior to June 16, 2010.  Thus, the court should not grant the plaintiff's untimely attempt to amend the complaint for a third time.

4

## IV.     CONCLUSION

The Plaintiff should be denied the opportunity to amend its complaint for a third time. Delays by counsel to investigate the merits and underlying issues do not warrant additional time to amend the complaint and add new defendants roughly, five years after the underlying incident and two years beyond the statutory period.  Furthermore, there is no evidence presented by the opposing counsel that was not public record or retrievable with a diligent investigation.  Counsel was given ample opportunity within the statutory period to amend the complaint and therefore should not be able to toll the statutory period.  Lastly, there are no allegations in the amended complaint that would permit the court to conclude that the alleged misconduct occurred beyond June 16, 2007.  Wherefore, the State Defendants, Kevin Kane and Christopher Morano hereby object to the Plaintiff's Motion for Leave to Amend the Complaint.

DEFENDANTS:
State of Connecticut
Office of the State's Attorney

GEORGE JEPSEN
ATTORNEY GENERAL

BY:     _____/s/_____
Zenobia Graham-Days
Assistant Attorney General
Federal Bar No. ct28802
110 Sherman Street
Hartford, CT 06105
Telephone No.:  (860) 808-5450
Fax No. (860) 808-5591
Email:  zenobia.graham-days@ct.gov

## CERTIFICATION

I hereby certify that on February 21, 2012 a copy of the foregoing State's Objection to the Plaintiff's Motion to Amend the Complaint was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____/s/_____
Zenobia Graham-Days
Assistant Attorney General