```
                  UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - -x
                                  :
SANDRA ELLIOTT, Individually and  :  No. 3:09CV948(AWT)
as the Administratrix of the      :
Estate of Asher Tamara Glace,     :
                                  :
              Plaintiff           :
                                  :
        vs.                       :
                                  :
CITY OF HARTFORD, et al.,         :
                                  :  HARTFORD, CONNECTICUT
              Defendants          :  MAY 17, 2010
                                  :
- - - - - - - - - - - - - - - - -x

                      STATUS CONFERENCE

    BEFORE:
        HON. ALVIN W. THOMPSON, CHIEF U.S.D.J.

APPEARANCES:

    FOR THE PLAINTIFF:

        LAW OFFICE OF RICHARD C. GORDON, ESQ.
            697 Blue Hills Ave.
            Hartford, Connecticut 06112
        BY: RICHARD C. GORDON, ESQ.

    FOR THE DEFENDANT CITY OF HARTFORD:

        CORPORATION COUNSEL'S OFFICE - HTFD
            550 Main Street
            Hartford, Connecticut 06103
        BY: JONATHAN H. BEAMON, ESQ.

    FOR THE DEFENDANT STATE OF CONNECTICUT:

        ATTORNEY GENERAL'S OFFICE
            110 Sherman Street
            Hartford, Connecticut 06105
        BY: TERRENCE M. O'NEILL, AAG


                              Diana Huntington, RDR, CRR
                              Official Court Reporter
```

```
 1                        4:03 P.M.
 2          THE COURT:  Good afternoon.  Please be seated
 3  everyone.
 4          We're here in the matter of Sandra Elliott,
 5  et al. vs. City of Hartford Police Department and State of
 6  Connecticut Office of the State Attorney.  Could I have
 7  counsel state their appearances for the record?
 8          MR. GORDON:  Good afternoon, Your Honor.  On
 9  behalf of plaintiffs, Richard Gordon.
10          THE COURT:  Thank you.
11          MR. O'NEILL:  Good afternoon, Your Honor.
12  Terrence O'Neill, Assistant Attorney General for the
13  Defendant State of Connecticut.
14          MR. BEAMON:  Good afternoon, Your Honor.
15  Jonathan Beamon for the Defendant City of Hartford Police
16  Department.
17          THE COURT:  Thank you.
18          I was looking at the file in this case.  I think
19  you all were supposed to meet with my parajudicial officer
20  back in January, but for some reason that didn't occur.  I
21  may have you do that.
22          I also happened to see we had the motion to
23  dismiss filed by the City of Hartford, and there was not
24  an opposition to the motion to dismiss as such but,
25  rather, an amended complaint was filed.
```

1          I guess looking through the amended complaint
2  and the motion to dismiss, I had a number of questions.
3  Maybe I'll just share them with you.
4          First, procedurally, in terms of where we are,
5  how much discovery has been done by the plaintiff?
6          MR. GORDON:  None, Your Honor.
7          Your Honor, this matter is a spring-off, if you
8  will, of a pending murder trial -- well, let me reframe
9  that.  It is not yet a trial.  I believe Anthony Thompson
10 and Earl Thompson have been charged with the murder of the
11 plaintiff, Asher Glace, in this matter and, as such, that
12 matter is still working its way up to trial.  So basically
13 the plaintiff has done -- has made no requests upon the
14 defendant, therefore has not conducted any discovery with
15 respect to their involvement and their possible tie in
16 with the City and the State of Connecticut.
17         I have obtained copies of the -- or at least a
18 copy of the victim's autopsy as well as some other
19 relevant documents that go to damages, but other than
20 that, nothing, Your Honor.
21         THE COURT:  You sued the Office of the State
22 Attorney, you sued -- it says the police department.  Let
23 me just check.
24         Do you have any idea who the individuals are who
25 you're contending acted on behalf of those entities?

1          MR. GORDON:  Yes, Your Honor.  I believe with
2   respect to Defendant City of Hartford, the police chief is
3   at issue here.  Who his subordinates are -- I mean, as far
4   as the person who entered Ms. Glace's name on the police
5   web site, that's yet to be determined, Your Honor.
6          THE COURT:  Well, why aren't you finding out
7   that kind of -- do you have a tolling agreement with
8   respect to the statute of limitations?
9          MR. GORDON:  No, Your Honor.
10         THE COURT:  And what is it that you contend that
11  some person or persons in the State's Attorney's Office
12  did?  You say somebody in the Hartford Police Department
13  put Ms. Glace's name on the web site.  What did anybody at
14  the State's Attorney's Office do?
15         MR. GORDON:  Well, State of Connecticut, at
16  least more specifically the prosecutor's office,
17  Your Honor, is required by Connecticut law to make
18  inquiries of witnesses to serious crimes and conduct an
19  inventory, if you will, as to any harm that may come to
20  them.  In this particular case --
21         THE COURT:  So you're talking about Connecticut
22  General Statutes 54-82t.
23         MR. GORDON:  Correct.
24         THE COURT:  Is your only claim with respect to
25  the State's Attorney's Office that they didn't discharge

1  their obligations under that statute?  Or is it something
2  more?
3              MR. GORDON:  Yes, Your Honor, that in addition
4  to the fact, if my memory serves me correctly, they were
5  required to confer with the City of Hartford on this.  I
6  think it is supposed to be a joint effort.  It did not
7  occur with respect to either defendant, Your Honor.
8              THE COURT:  Okay, thank you.
9              It would be helpful to me if I had the
10 perspective of the defendants as to what happened here to
11 the extent you're able to tell me.
12             MR. O'NEILL:  I'm sorry, Your Honor -- Terrence
13 O'Neill, Assistant Attorney General -- what happened here
14 with respect to the status of the case or with respect to
15 the case itself?
16             THE COURT:  The underlying incident.
17             MR. O'NEILL:  I would join -- I certainly agree
18 with Attorney Gordon's representations to the Court that
19 the individuals responsible for Ms. Glace's death are
20 currently the subjects of a current prosecution pending in
21 the Hartford Judicial District.  And because of that, a
22 great number of the materials, the documents themselves,
23 are not available, including to myself.  There are certain
24 materials that are.  Certainly the prosecutor's files and
25 things of that nature, to the extent that they may ever be

1    available, certainly are not available now because of the
2    pendency of that criminal matter.
3            THE COURT:  What's your understanding as to the
4    claim that the plaintiff is making with respect to the
5    State defendants?
6            MR. O'NEILL:  The State defendants are certainly
7    immune under the Eleventh Amendment or with respect to the
8    State's Attorney they're absolutely immune.  54-82t
9    certainly doesn't create any private right of action.  And
10   even if it does, with all due respect to the District
11   Court, it certainly doesn't waive the State's sovereign
12   immunity in this court.
13           Your Honor notes the tolling agreement and
14   obviously has looked at some of the dates claimed which
15   probably their passage would raise other defenses for the
16   defendants.  So in addition to sovereign immunity afforded
17   to the State, it's likely that we'll have other defenses
18   as well.
19           THE COURT:  What's your understanding as to what
20   the plaintiff claims the State defendants did that was
21   wrong?
22           MR. O'NEILL:  My understanding, from the amended
23   complaint, Your Honor, is that the plaintiff claims that
24   the State had some kind of a duty under the witness
25   protection statute and didn't fulfill its duty or its

1   obligation to the decedent.  I believe that, regardless of
2   some of the phraseology used in the complaint, the
3   fairest, fullest reading of the four corners of the
4   complaint, those are tort claims that sound in negligence,
5   Your Honor.
6           THE COURT:  And are the only people that it's
7   your understanding the plaintiff is, I'll say, pointing to
8   in terms of State defendants people who are prosecutors?
9           MR. O'NEILL:  People who are prosecutors
10  assigned to the Hartford State's Attorney's Office,
11  Your Honor.  Obviously, they aren't identified.
12          THE COURT:  Let me just confirm with Mr. Gordon.
13          Is that correct, Mr. Gordon?
14          MR. GORDON:  Yes, Your Honor.
15          THE COURT:  Everybody that you're looking at who
16  is a State defendant is a prosecutor?
17          MR. GORDON:  Yes, Your Honor.
18          THE COURT:  Okay.
19          MR. GORDON:  At this stage of the game, yes.  To
20  the extent that there might be other involvement from
21  administrative staff, we do not --
22          THE COURT:  When you say "administrative staff,"
23  do you mean anybody who is not working with a prosecutor?
24          MR. GORDON:  Correct, Your Honor.
25          THE COURT:  I'm sorry?  I asked you do you mean

1  anyone who is not working with a prosecutor?  All the
2  administrative staff are people working with the
3  prosecutor, is that correct?
4          MR. GORDON:  Absolutely.  That's what I meant,
5  I'm sorry.
6          THE COURT:  Have you researched the issue that
7  Mr. O'Neill --
8          MR. GORDON:  I have, Your Honor.
9          THE COURT:  -- alluded to?
10         MR. GORDON:  Yes.
11         THE COURT:  You have?
12         MR. GORDON:  Yes.
13         THE COURT:  And you think you're going to have a
14 cause of action against -- I mean, you sued the State.
15 You haven't sued any individuals.
16         MR. GORDON:  No, Your Honor.  Only because I
17 have not yet determined with any specifics who the
18 particular individuals were that acted in this matter,
19 Your Honor.
20         THE COURT:  But you do believe they're all
21 prosecutors?
22         MR. GORDON:  Prosecutors as well as persons in
23 the police department.
24         THE COURT:  Well, I'm sorry, I mean with respect
25 to the State defendants, you believe they're all

1  prosecutors?

2         MR. GORDON:  Yes.

3         THE COURT:  Okay.  And you've researched the
4  issue of suing prosecutors?

5         MR. GORDON:  Yes, Your Honor.

6         THE COURT:  And you believe at some point you're
7  going to be able to add a prosecutor if it comes to that?

8         MR. GORDON:  That is my intention, absolutely,
9  Your Honor.

10        THE COURT:  And when do you plan on doing that?

11        MR. GORDON:  Well, as I said earlier,
12 Your Honor, this case poses some difficulty to the
13 extent --

14        THE COURT:  I just want a time frame.  Do you
15 have a time frame in mind?  Or you don't have a time frame
16 in mind?

17        MR. GORDON:  I don't have a specific time frame,
18 Your Honor.

19        THE COURT:  Okay.  Thank you.

20        MR. GORDON:  Sure.

21        THE COURT:  Maybe I'll ask Mr. Beamon, could you
22 share with me your perspective as to your understanding of
23 the claims the plaintiff is making against the Hartford
24 municipal defendants?

25        MR. BEAMON:  Yes, I do understand the claims,

1   Your Honor.  The original complaint that was filed was
2   pretty much asking for three things.  Number one, I guess
3   who had put on the City's web site that Ms. Glace was a
4   chief witness in a murder investigation.  And secondly,
5   the issue of protective custody under Connecticut General
6   statute 54-82t.  Actually, the second thing I just
7   mentioned, the 54-82t, is in my motion to dismiss that, as
8   brother counsel just stated, it does not appear to be a
9   private right of action.
10           But I also don't have a lot of the details as to
11  what went on in the case, although I can represent to the
12  Court in searching the City's web site, my understanding
13  is the first time Ms. Glace's name is mentioned is after
14  she was murdered and not at any time before that.  If
15  there's a screen shot that shows her name was there before
16  is a different story, but I have not found that.
17           THE COURT:  Oh, that's helpful to note, thank
18  you.
19           MR. BEAMON:  With reference to the motion to
20  dismiss, Your Honor --
21           THE COURT:  Let me come to that in a moment.
22           MR. BEAMON:  Lastly, from the amended complaint,
23  I guess another claim is being made that --
24           THE COURT:  Yeah, I'm going to go through the
25  amended complaint, because it's woefully deficient.

1            Mr. Gordon, Mr. Beamon has mentioned that he's
2    been unable to ascertain that there was a posting.  What
3    do you have that shows there was a posting mentioning the
4    decedent's name prior to the time she was killed?
5            MR. GORDON:  During an interview, Your Honor, at
6    least investigatory interview with the plaintiff, Sandra
7    Elliott, she disclosed that she had a conversation with a
8    local reporter who essentially during the course of a
9    press conference disclosed that the victim was termed the
10   chief witness in an upcoming murder trial.  And the
11   reporter was asked by the Chief of Police, "Where did you
12   get that?"  And he disclosed to the Chief that it was
13   on -- he got it from their web site.  I have not yet
14   determined the name of the reporter, Your Honor.  I
15   understand that it was televised and I'm yet to determine
16   which, if any, local stations carried that particular
17   segment on television.
18           THE COURT:  Thank you.
19           I note that my quick review of the docket sheet
20   doesn't show the 26(f) report has ever been filed in this
21   case and that the deadlines have run, which is probably
22   not one of the major problems, but something we ought to
23   take care of.
24           I think I'm going to have you all meet with
25   Mr. Hawkins promptly and I'll want clients in too.

1          Let me just tell you all what I'm struggling
2     with.
3          Mr. O'Neill and Mr. Beamon, do you think it's
4     appropriate that this case be resolved -- Mr. Gordon, do
5     you mind if I have a sidebar with defense counsel off the
6     record?
7          MR. GORDON:  Not at all, Your Honor.
8               (Sidebar discussion off the record.)
9          THE COURT:  We have a motion to dismiss and,
10    Mr. Gordon, you've filed, as I understand it, a first
11    amended complaint in response to that motion to dismiss.
12    I at least want to take care of the motion to dismiss and
13    I'm going to tell you why.
14         MR. GORDON:  May I speak for a moment,
15    Your Honor?
16         THE COURT:  Yes.
17         MR. GORDON:  Your Honor, the defendants were
18    served around August 17th of last year.  They did not
19    answer in time.
20         I heard from Attorney O'Neill I believe after
21    the time to answer had passed.  He requested time to file
22    a responsive pleading only and I consented.
23         With respect to the City, through Mr. Beamon, he
24    also called but he called I believe in late September or
25    early October.  His request at that time was for

1  additional time to file a responsive pleading and that is
2  what I consented to only, for the Defendant City of
3  Hartford to simply and singularly answer, not to file
4  motions, just to answer.
5         THE COURT:  I made some notes as to the first
6  amended complaint.  And since I've looked at it, I'm going
7  to take care of the motion to dismiss, which is going to
8  be granted but with leave to re-plead.  I'm also going to
9  direct some comments to the first amended complaint so
10 that we can deal with hopefully some issues now as opposed
11 to having to look at them a second time.
12        As I understand it -- and I'm going to just
13 number all the counts because the numbers are off in the
14 first amended complaint, so I went through and re-numbered
15 them.
16        As I understand, Count One is against the City
17 of Hartford Police Department.  There's authority that
18 makes it clear that the police department is not an
19 entity.  You sue the City of Hartford, not the police
20 department.
21        I guess the other question I had there was if
22 you're suing the City, you're bringing a Monell claim, and
23 I don't think I perceived any Monell-type allegations.
24 And I'm confused as to what the substance of paragraph 18
25 is because it talks about City of Hartford Police

```
 1   Department personnel acting in their individual
 2   capacities.  I don't know what's being suggested there.
 3             Count Two is against the State of Connecticut
 4   Office of the State Attorney.  That's a suit against the
 5   State of Connecticut.  The State of Connecticut, first of
 6   all, is not a person under Section 1983.  And that's
 7   well-established.
 8             Count Three is negligence against -- I guess
 9   that's negligence against the State of Connecticut and
10   negligence against the City.  I haven't seen any argument
11   with respect to immunity, and I guess I don't see any
12   representation that the State's waived sovereign immunity
13   on.  I believe it has not.  As to the City, I don't see
14   anything that tracks one of the exceptions to immunity.
15             Then we get to bottom of page 8 what I'm calling
16   Count Four.  That's Connecticut General Statutes
17   Section 54-82t.  And I guess that's against both
18   defendants.  We have the same issues with respect to the
19   State.  And even beyond that when we get to the City, I
20   was sort of looking for something that suggested if there
21   was a private cause of action that could be brought under
22   that statute.
23             I'm calling the wrongful death claim Count Five.
24   We have the similar situation with respect to the State of
25   Connecticut.  And I don't think that one was in the
```

1  original complaint.  Was that in the original complaint?
2          MR. BEAMON:  No, Your Honor.
3          THE COURT:  Okay.  So that was not in the
4  original complaint.
5          And then Count Six, that's the substantive due
6  process claim, and that is against the State of
7  Connecticut and the City of Hartford.  The State's not a
8  person under 1983.  As to the City, I didn't see
9  Monell-type allegations.
10         And then Count Seven, which is the second Count
11 Seven I'm calling Count Seven, that's the supervisory
12 liability claim, the same issue as to the State.  Was that
13 one a pure common law claim or is that a 1983 claim,
14 Mr. Gordon?
15         MR. GORDON:  Common law, Your Honor.
16         THE COURT:  Mr. Hawkins is around next week.
17 I'm going to have you all meet with my law clerk and
18 figure out if we can coordinate a time.
19         I guess I would say, Mr. Gordon, it doesn't seem
20 to me that you've given this case the attention it
21 deserves or the depth of analysis that it deserves and
22 needs.  It's not my job to help one side or the other in a
23 case, but I think you need to do a lot more work on this
24 case and very quickly.
25         I guess that's all I have to say for now.

```
 1                    MR. GORDON:  Thank you, Your Honor.
 2                    THE COURT:  And I guess meeting with Mr. Hawkins
 3    I'll excuse individuals who may be identified with the
 4    defendants from showing up because of where we are in the
 5    case.  I want the plaintiff there.
 6                    Thank you very much.
 7                    MR. O'NEILL:  Thank you, Your Honor.
 8                         (Proceedings adjourned at 4:36 p.m.)
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1
 2
 3                    C E R T I F I C A T E
 4
 5
 6
 7         I, Diana Huntington, RDR, CRR, Official Court
 8   Reporter for the United States District Court for the
 9   District of Connecticut, do hereby certify that the
10   foregoing pages are a true and accurate transcription of
11   my shorthand notes taken in the aforementioned matter to
12   the best of my skill and ability.
13
14
15
16
                   /s/_____
17
                     DIANA HUNTINGTON, RDR, CRR
18                      Official Court Reporter
                        450 Main Street, Room #225
19                     Hartford, Connecticut 06103
                            (860) 547-0580
20
21
22
23
24
25
```