```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

----------------------------------------x
SANDRA ELLIOTT, individually and as      :
Administratrix of the estate of          :
Asher Tamara Glace,                      :
                                         :
              Plaintiffs,                :
                                         :
v.                                       :   CASE NO. 3:09CV00948(AWT)
                                         :
CITY OF HARTFORD; DARYL ROBERTS,         :
individually and in his official         :
capacity as Chief of Police of the       :
City of Hartford Police Department;      :
CHRISTOPHER MORANO, individually and     :
in his official capacity as Chief        :
State's Attorney of the State of         :
Connecticut; and KEVIN KANE,             :
individually and in his official         :
capacity as Chief State's Attorney       :
of the State of Connecticut,             :
                                         :
              Defendants.                :
----------------------------------------x
```

**RULING ON PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND TO ADD PARTIES**

The plaintiffs have moved for leave to file a third amended complaint. The proposed third amended complaint seeks to add five additional individuals as defendants: former Chief of Police Patrick Harnett, Senior Assistant State's Attorney David Zagaya, Assistant State's Attorney Richard Rubino, Detective Jerry Bilbo and Detective Michael Sheldon. On January 26, 2012, the plaintiffs filed the proposed third amended complaint as an attachment to the instant motion. (See Doc. No. 49-1). Although it is undisputed that the proposed third amended complaint was

filed outside the relevant limitations period[1], the plaintiffs contend that the amendments relate back pursuant to Fed. R. Civ. P. 15(c)(1)(C) to the Second Amended Complaint filed on June 16, 2010.

For the following reasons, the motion is being granted in part and denied in part.

**I.   LEGAL STANDARD**

Fed. R. Civ. P. 15(c)(1)(C) provides that:

> An amendment to the pleading relates back to the date of the original pleading when . . . the amendment changes the party or the naming of the party against whom a claim is asserted, . . . if, . . . the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

In Krupski v. Costa Crociere S.p.A., the Supreme Court held that "Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint."  130 S. Ct. 2485, 2493 (2010).  However, "[w]hen the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant

---

[1] This claim accrued on June 16, 2007.  Constitutional torts filed under § 1983 are governed in Connecticut by a three-year statute of limitations.  Conn. Gen. Stat. § 52-577; Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994). Therefore, the period for amending the complaint expired on June 16, 2010.

in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met."  Id. at 2496.

## II. DISCUSSION

### A. City Defendants

The City defendants argue that Harnett, Bilbo and Sheldon "could have been sued in the original Complaint, . . . as they all must have been known to the Plaintiff as early as 2005.  The Plaintiffs chose not to name them as parties until now."  (Def. City of Hartford and Daryl Roberts' Objection to Mot. for Leave To Amend Compl. (Doc. No. 51) at 2.)

#### 1. Bilbo and Sheldon

In the proposed third amended complaint, the plaintiffs allege that Bilbo and Sheldon were responsible for taking the decedent's statement and for placing her name "in the personal statement they took from her" and "in other documents that were made available to the public." (Proposed Third Am. Compl. (Doc. No. 49-1) ¶¶ 64-65.)

Although the Second Amended Complaint, which is the operative complaint, alleges that "Ms. Glace provided Anthony Thompson's name to the Hartford Police," it does not attribute the interaction with Glace on behalf of the Hartford Police Department to a named individual or individuals.  (Second Am.

Compl. (Doc. No. 16) ¶ 13.)  Also, although the operative complaint alleges that "[t]he Chief of Police for The Hartford Police Department, Daryl Roberts designated by way of publication that Ms. Glace was 'the chief witness in the upcoming trial of Anthony Thompson' on the department's web page for the entire world to see and access," this specific allegation is absent from the proposed third amended complaint.

Assuming that Bilbo and Sheldon received sufficient notice under Rule 15(c)(1)(C)(i), "the question under Rule 15(c)(1)(C)(ii) is what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant." Krupski, 130 S.Ct. at 2496.  In this case, Bilbo and Sheldon should not have reasonably understood from the prior complaints and the plaintiff's conduct that they were the intended defendants in this case.  There is nothing in the prior complaints that suggests that the plaintiffs sought to hold responsible anyone from the City of Hartford other than the Chief of Police and the City itself.  While the Second Amended Complaint alleges that members of the Hartford Police Department interacted with the decedent (see ¶ 12), it does not allege that any member of the Department other than Chief Roberts acted so as to incur any liability to the plaintiffs.  It attributes wrongdoing only to Chief Roberts, for his own acts, and to the City of Hartford, for

a policy, procedure, custom or policy.  Even in the supervisory liability claim against Chief Roberts, the most the plaintiffs allege against other officers is that they were not properly trained and supervised.  Moreover, as the Chief of Police remains a defendant in the proposed third amended complaint it is clear that the plaintiffs did not mistakenly name Roberts instead of Bilbo and Sheldon.  Therefore, the plaintiffs have failed to meet their burden of showing that the proposed amendments relate back to the operative complaint as to Bilbo and Sheldon.

As the plaintiffs' argument for relation back under Rule 15(c)(1)(C) lack merit, amending the complaint to add Bilbo and Sheldon after the statute of limitations has run would be futile. "Leave to amend may properly be denied if the amendment would be futile," Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012), and so the court is denying the plaintiffs leave to amend their complaint to add Bilbo and Sheldon as defendants.

    **2. Harnett**

In the proposed third amended complaint, the plaintiffs allege that "[a]t all times relevant hereto, Defendant Patrick Harnett was employed by Defendant City of Hartford as its Chief of Police and acted under color of law."  (Proposed Third Am. Compl. ¶ 39.)  The operative complaint alleges that "[a]t all times relevant hereto, Defendant Daryl Roberts was employed by

-5-

Defendant City of Hartford as its Chief of Police and acted under color of law."  (Second Am. Compl. ¶ 25.)

In this case, Harnett reasonably should have understood that the plaintiffs intended to file their complaint against the person employed as Chief of Police of the City of Hartford at the relevant time or times, and no issue has been raised as to whether the requirements of clause (C)(i) have been satisfied. Therefore, the plaintiffs have met their burden of showing that the proposed amendment relates back to the operative complaint with respect to Harnett.

### B.  State Defendants: Zagaja and Rubino

The State defendants' only argument is that the statute of limitations should not be tolled.  However, the issues presented by Rule 15(c)(1)(C) with respect to the City defendants are also present with respect to the proposed State defendants the plaintiffs now seek to add.

The Second Amended Complaint named only Chief State's Attorneys, not line prosecutors. However, in the proposed third amended complaint, the plaintiffs allege that "Defendants Morano, Zagaja and Rubino, were specifically mandated by law to conduct a review into Ms. Glace's need for protective services, but they failed to conduct any such reviews or investigations."  (Proposed Third Am. Compl. ¶ 48.)  The operative complaint alleges that "[a]t a minimum, Defendants Morano and Kane were specifically

-6-

mandated by law to conduct a review into Ms. Glaces' need for protective services, but they failed to conduct any such reviews or investigations."  (Second Am. Compl. ¶ 48. )

On May 17, 2010, the court held a status conference in this case.  During the status conference, the court asked plaintiffs' counsel if he had considered adding additional prosecutors as defendants:

> THE COURT:    And you believe at some point you're going to be able to add a prosecutor if it comes to that?
>
> MR. GORDON:   That is my intention, absolutely, Your Honor.
>
> THE COURT:    And when do you plan on doing that?
>
> . . .
>
> MR. GORDON:   I don't have a specific time frame, your honor.

(Tr. Status Conference, May 17, 2010 (Doc. No. 65) ("5/17/10 Tr."), 9).

As discussed below, the role of Zagaja and Rubino in the Anthony Thompson prosecution was publicly available information. Thus, while Zagaja and Rubino arguably should have known before the statute of limitations ran that the plaintiffs intended to bring an action against them, neither of them should have known that an action would have been brought against him but for a

mistake concerning his identity.  Therefore, the plaintiffs have failed to meet their burden of showing that the proposed amendments relate back to the operative complaint as to these two individuals.

As amending the complaint to add Zagaja and Rubino after the statute of limitations has run would be futile, the court is denying the plaintiffs leave to amend their complaint to add Zagaja and Rubino as defendants.

**C.   Exception to Mistake Requirement**

Relying on Archibald v. Hartford, 274 F.R.D. 371 (D. Conn. 2011), the plaintiffs assert that the defendants' failure to comply with their discovery requests prevented the plaintiffs from learning the identity of the individuals that they now seek to add as defendants.  The court in Archibald recognized an "exception" to the "mistake" requirement in Rule 15(c)(1)(c)(ii) that operates when "a plaintiff attempted to discover the identity of the unknown defendant prior to the expiration of the statute of limitations but did not receive an adequate response to his discovery request."  Id. at 377.

In Archibald, an arrestee filed a § 1983 complaint against the City of Hartford, the Chief of Police, two named police detectives, and four unnamed police officers.  After the close of the three-year limitations period, the plaintiff amended his complaint to replace "John Doe 1" and "Jane Doe 1" with the names

of two additional police officers. The two additional officers moved to dismiss the amended complaint. The court found that the plaintiff had "'made a series of [timely] efforts to obtain the identit[ies] of the individual officer[s] without prompting' from the Court,' but was stymied by defense counsel." Id. at 381 (quoting Byrd v. Abate, 964 F. Supp. 140, 145 (S.D.N.Y. 1997)). In particular, the court found that the plaintiff's effort to discover the identities of the police officers involved in his arrest "was either completely rebuffed or substantially delayed by defense counsel." Id. In light of defense counsel's noncompliance, as well as the "diligent efforts" of plaintiff's counsel to determine the identities of the unnamed officers, id. at 382, the court denied the defendants' motion to dismiss. The court reasoned that this exception "recognizes that defendants should not gain the benefit of a statute of limitations defense if it was the defense, rather than the plaintiff, who failed to identify the John Does and plaintiff's counsel requested that information prior to the end of the limitations period, but defendants' counsel did not comply until after the limitations period had run." Id. at 277 (internal quotations omitted).

Relying on Archibald, the plaintiffs here argue that their lack of knowledge of the identities of individuals to be added as defendants excuses the "mistake" requirement under Rule 15(c)(1)(C) because of the defendants' failure to comply with

certain discovery requests.  However, Archibald is inapposite because in this case the lack of knowledge at the time the operative complaint was filed resulted not from defense misconduct but from the failure by plaintiffs' counsel to properly investigate and present their claim.

First, plaintiffs' counsel has at no point explained specifically how the defendants' noncompliance with his discovery requests delayed or prevented him from receiving any information as to the individuals he now seeks to add as defendants, as opposed to other information he may have sought.  At the May 17, 2010 status conference in this case, the court asked how much discovery had been done by the plaintiffs; plaintiffs' counsel responded, "None, Your Honor."  (5/17/10 Tr. at 3).[2]  Then, on February 2, 2012, the court discussed the instant motion with counsel.  At that time plaintiffs' counsel did not identify any information that caused him to seek to add these individuals as defendants that was not available to him well before the statute of limitations ran.

Second, the record here demonstrates that the defendants are correct when they assert that "[a]ll of the information presented by counsel in support of the Motion for Leave to Amend was public

---

[2]At that status conference, the court also said to plaintiffs' counsel that "it doesn't seem to me that you've given this case the attention it deserves or the depth of analysis that it deserves and needs.  It's not my job to help one side or the other in a case, but I think you need to do a lot more work on this case and very quickly." (Tr. Status Conference, May 17, 2010 (Doc. No. 65), 15).

-10-

information readily available to the plaintiff."  (State's Objection to the Pl.'s Mot. To Amend the Compl. (Doc. No. 54), 3.)  Not only does the voluntary statement of Asher Glace, on HPD Form 5, reflect that she gave that statement to Sheldon and Bilbo, but the Affidavit of Sandra Elliott (Doc. No. 59-6) reflects that she actually spoke to Bilbo in 2005 about whether Glace was in any danger.  Also, as the proposed amendments reflect, Zagaja and Rubino were the local prosecutors who handled the case against Anthony Thompson, and, as shown in the transcripts submitted by the plaintiffs, their role was a matter of public record.  In addition, plaintiffs' counsel represented that he attended the Anthony Thompson trial for three days and that his client attended some portion of that trial as well.  (See Tr. Status Conference, Feb. 2, 2012 (Doc. No. 55), 21-22.)

Archibald's counsel made "diligent efforts to determine the identities" of the parties he sought to add, Archibald, 274 F.R.D. at 382, and conducted such efforts "without prompting" from the court, id. at 381.  Here, however, plaintiffs' counsel failed to properly investigate and prepare the claim despite the court's urging.  Therefore, the court finds no basis to apply the "exception" articulated in Archibald.  See Venezia v. 12th and Div. Props., LLC, 2010 WL 3122787, at *4 (M.D. Tenn. Aug. 6, 2010) ("This is not the type of 'mistaken identity' that Rule 15 is intended to address.  Instead, this is a purported lack of

-11-

knowledge regarding the involvement of additional parties which additional investigation would have revealed.").

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave To File Amended Complaint and To Add Parties (Doc. No. 49) is hereby GRANTED in part and DENIED in part.  The plaintiffs may file a Third Amended Complaint that adds former Chief Patrick Harnett as a defendant.

It is so ordered.

Dated this 10th day of August 2012, at Hartford, Connecticut.

                                    /s/
                              Alvin W. Thompson
                          United States District Judge