**United States District Court**
**District of Connecticut**

```
-----------------------------------x
SANDRA ELLIOTT, individually and   :
as the Administratrix of the       :
estate of Asher Tamara Glace,      :
                                   :
            Plaintiff,             :
                                   :
v.                                 :   CASE NO. 3:09CV00948(AWT)
                                   :
CITY OF HARTFORD, et al.,          :
                                   :
            Defendants.            :
-----------------------------------x
```

## ORDER RE PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff's Motion for Reconsideration of Court's Denial of Motion to Amend Complaint (Doc. No. 79) is hereby DENIED.

A motion for reconsideration "generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked—-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[T]he function of a motion for reconsideration is to present the court with an opportunity to correct 'manifest errors of law or fact to consider newly discovered evidence.'" LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987), aff'd, 33 F.3d 50 (2d Cir. 1994)). "[A] motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once

a decision has been made." Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal citations and quotations omitted).

As an initial matter, the plaintiff's motion should be denied because it is untimely. Under Local Rule 7(c)(1), the motion for reconsideration was required to be filed within fourteen days of the filing of the order denying the motion to amend the complaint. However, the plaintiff filed her motion for reconsideration over three months after that ruling was filed.

In addition, the motion for reconsideration lacks merit. The plaintiff argues that "the court appears to have decided the motion for leave to amend the plaintiff's complaint on the old law." Mem. of Law Supp. of Pl.'s Mot. for Recons. at 6. In making this argument, the plaintiff points to Krupski v. Costa Crociere S. p. A., 130 S. Ct. 2485 (2010). However, the court relied on Krupski as the basis for it s analysis in the ruling denying the plaintiff's motion for leave to file an amended complaint. See Ruling on Plaintiff's Motion for Leave to Amended Complaint and to Add Parties at 2-3.

It is so ordered.

Signed this 25th day of February, 2013 at Hartford, Connecticut.

          _____/s/_____
             Alvin W. Thompson
            United States District Judge